IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In re:<br><br>TXCO RESOURCES INC.<br>DEBTOR | APPEAL<br>Civil Action No. 09-CA-0569-FB |
| WEATHERFORD INTERNATIONAL, INC.<br><br>    APPELLANT<br><br>V.<br><br>TXCO RESOURCES, INC., et al.<br>    APPELLEES | |

**DEBTOR-IN-POSSESSION LENDERS' MOTION FOR LEAVE TO INTERVENE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF APPELLEE**

James Donnell
Texas Bar No. 05981300
WINSTON & STRAWN, LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Paul D. Moak
Texas Bar No. 00794316
Chasless Yancy
Texas Bar No. 24033481
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

ATTORNEYS FOR DEBTOR-IN-POSSESSION LENDERS

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judge of this Court may evaluate possible disqualification or recusal:

**Appellees**

**TXCO Resources, Inc., et al.**

### Counsel for Appellee

Deborah D. Williamson
Lindsey D. Graham
Patrick L. Huffstickler
Cox Smith Matthews Incorporated
112 East Pecan Street
Suite 1800
San Antonio, TX 78205


**Appellant**

**WEATHERFORD INTERNATIONAL**

### Counsel for Appellant:

Edward L. Rothberg
Hugh Massey Ray, III
Weycer, Kaplan, Pulaski & Zuber, PC
11 Greenway Plaza, Suite 1400
Houston, TX 77046

**Putative Intervenor or Amicus Curiae**

Debtor-in-Possession Lenders[1]

> **Counsel for Debtor-in-Possession Lenders**
>
> James Donnell
> Winston & Strawn, LLP
> 200 Park Avenue
> New York, NY 10166
>
>
> Paul D. Moak
> Andrews Kurth LLP
> 600 Travis, Suite 4200
> Houston, Texas 77002

*/s/ Chasless Yancy*

---

[1] The Debtor-in-Possession Lenders ("DIP Lenders") include Regiment Capital Special Situations Fund III, L.P., CIT Bank, BD Funding I, LLC and LTD/DLT Longhorn Corp.

TO THE HONORABLE JUDGE FRED BIERY
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS:

Regiment Capital Special Situations Fund III, L.P., CIT Bank, BD Funding I, LLC and LTD/DLT Longhorn Corp. (the "DIP Lenders") in *In re TXCO Resources Inc., Case No. 09-51807* in the United States Bankruptcy Court of the Western District of Texas (the "Bankruptcy Court") request leave to intervene on appeal, or, in the alternative, for leave to file the brief that accompanies this motion as an amicus curiae brief in support of the Appellee. The DIP Lenders show as follows:

### I. INTRODUCTION AND INTEREST OF THE DIP LENDERS

On May 22, 2009, in *In re TXCO Resources Inc., et al.*, Judge Ronald B. King, United States Chief Bankruptcy Judge for the Western District of Texas, entered the Order on Motion For Authority to Pay or Honor Prepetition and Postpetition Royalty Obligations and Other Obligations Under Oil & Gas Leases (the "Royalty Order")[Docket No. 67[2]], authorizing the Debtors[3] to pay or honor prepetition and postpetition royalty obligations. On June 1, 2009, Appellant filed its Notice of Appeal [Docket No. 97] of the Royalty Order. On July 17, 2009, the United States District Court for the Western District of Texas (the "Court") docketed the Appeal under docket number 09-00569.

The DIP Lenders have a significant interest in the appeal as it affects the assets and property of the Debtors' estates. The DIP Lenders have agreed to provide up to $32 million in postpetition financing to the Debtors on the terms provided in the Final Order Authorizing

---

[2] Unless stated otherwise, documents referenced with a Docket Number shall be documents filed in *In re TXCO Resources, Inc., et al.*, Case No 09-51807 in the United States Bankruptcy Court of the Western District of Texas.

[3] Debtors shall refer to TXCO Resources Inc., and all other related Debtors of record in the jointly administered Case No. 09-51807 in the United States Bankruptcy Court for the Western District of Texas.

Debtors to Incur Postpetition Senior Secured Superpriority Indebtedness (The "DIP Order") [Docket No. 220] and the applicable credit and security agreements. Pursuant to the terms of the DIP Order, the DIP Lenders have been granted liens on all property and assets of the Debtors, including the property affected by the Royalty Order. As such, disposition of this appeal will have a significant effect on the collateral of the DIP Lenders. Most significantly, the DIP Lenders agreed to make their post-petition loan to the Debtors based, in part, upon the Debtors' request to make the payments authorized by the Royalty Order.

## II.    ARGUMENT AND AUTHORITIES

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure. *See United States v. Paramount Pictures, Inc.*, 334 U.S. 131, 177-78 (1948) (applying Rule 24 to original motions for leave to intervene). The DIP Lenders seek leave to intervene as of right under Rule 24(a)(2), or, in the alternative, to be permitted to intervene under Rule 24(b)(1).[4]

### A.    The DIP Lenders Are Entitled To Intervene As A Matter Of Right.

"[T]he court must permit anyone to intervene" under Rule 24(a)(2) who meets a four prong test: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit. FED. R. CIV. P. 24(a); *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (per curiam). The test is "flexible," focusing " 'on the particular facts and circumstances surrounding each application.' " *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc) (citation omitted). The DIP Lenders satisfy all four requirements.

---

[4] *See generally Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1287 (5th Cir. 1985) ("These parties in interest, including the Creditors Committee in this case, may still intervene as of right under Rule 24(a)(2), Fed. R. Civ. P. . . . Of course, permissive intervention under Rule 24(b) is likewise a possibility.").

1. ***The application is timely.***

Under the first requirement, timeliness, there are four factors that should be considered. *Ford*, 242 F.3d at 239. The first is the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned to intervene. *Id.* (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). The DIP Lenders have been actively involved in the case and monitoring the progression of this appeal. By filing this motion to intervene within fifteen days of Appellant filing its brief, the DIP Lenders have discharged their duty to act quickly. The DIP Lenders are filing this motion to intervene and corresponding brief expeditiously after determining its interests were at issue. *See Ford*, 242 F.3d at 239-40 (holding that a motion to intervene filed twenty-three days after the time the appellant could have learned of its interest in the case was timely).[5]

The second factor is the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case. *Id.* at 239. "[T]his court has emphasized that the relevant prejudice is that created by the intervenor's delay in seeking to intervene after it learns of its interest, not prejudice to existing parties if intervention is allowed." *Id.* at 240 (citing *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992)). Here, there was no delay, nor is there any possibility of prejudice to Appellants or any other parties. The DIP Lenders' motion to intervene and accompanying brief were filed within the time period for filing responsive briefs. Accordingly, no delay of the appeal or other prejudice is presented.

The third and fourth timeliness factors are "the extent of the prejudice that the would-be intervenor may suffer if intervention is denied" and "the existence of unusual circumstances

---

[5] *See also Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977) ("By filing their petition less than one month after learning of their interest in this case, the appellants discharged their duty to act quickly.").

-3-

militating either for or against a determination that the application is timely." *Id.* at 239 (citation omitted). If intervention is denied, the DIP Lenders will be denied the ability to protect their unique property interests and rights at stake. In determining to act as lenders to the Debtors, the DIP Lenders negotiated for and received security interests in the property affected by the Royalty Order. The evidentiary record establishes that the failure to pay the royalty interest owners could result in loss of collateral pledged to the DIP Lenders. The DIP Lenders agreed to provide postpetition financing under the belief that such assets would remain in the estate and serve as collateral for the financing. The decision on this appeal will affect the Debtors' property and, in turn, the DIP Lenders' collateral. If the DIP Lenders are not allowed to intervene, they will suffer a significant prejudice as they will be denied the opportunity to protect their interests as DIP Lenders. The DIP Lenders' motion is timely.

   2.   ***The application meets the three other requirements for intervention.***

The DIP Lenders satisfy the other three requirement for mandatory intervention because (1) they have an interest relating to the property or transaction that is the subject of the underlying action, (2) which may be impaired by the disposition of this action, and (3) which is not necessarily represented by the existing parties to the suit.

"In the context of intervention, the Fifth Circuit has warned against defining 'property or transaction' too narrowly." *Ford*, 242 F.3d at 240. Here, the subject of the litigation is whether Appellee is permitted to make payments to royalty interest owners, and overriding royalty interest owners for their share of oil and gas production, and whether the Debtors can satisfy obligations owed under joint interest billings. Based on representations of the Debtors, failure to pay such obligations could result in termination of various leases and a reduction, if not complete shutdown, of production from certain wells in which the Debtors have an interest, significantly impairing the value of the Debtors' assets and property. In exchange for security interests in

HOU:2944998.1

these same assets and properties, the DIP Lenders have agreed to provide DIP financing. The DIP Lenders have a legally protectable security interest in the Debtors' property that will necessarily be affected by the Court's ruling on the issues at hand. Thus, the DIP Lenders have a distinct interest in protecting the value of the Debtors' estates and assets so as to insure their loan is adequately secured.

Further, while the DIP Lenders are aligned with the Debtors in seeking to have the Royalty Order affirmed, their interests are not identical to those of the Debtors. *See Ross v. Marshall*, 426 F.3d 745, 761 (5th Cir. 2005) (describing this burden as "minimal"; "the potential intervenor need only show that 'representation by the existing parties *may* be inadequate'") (citation omitted) (emphasis in original), *cert. denied*, 549 U.S. 1166 (2007). The DIP Lenders are not seeking the same ultimate objective as the Debtors; the DIP Lenders' primary goal is preserving and maximizing the value of the Debtors' assets so as to protect their security interests and collateral as postpetition lenders. They are also seeking to obtain the benefit of their bargain by protecting the property serving as collateral for their $32 million loan.

The DIP Lenders respectfully request that they be allowed to intervene as a matter of right and be granted permission to fully participate in all proceedings in the appeal.

**B.    In The Alternative, The DIP Lenders Should Be Given Permission To Intervene.**

"On timely motion, the court may permit anyone to intervene" under Rule 24(b) who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 24(b)(3).

This intervention is timely as explained above. *See supra* § II.A.1. Further, intervention by the DIP Lenders will not prejudice the Appellant or delay the proceedings in any manner.

The DIP Lenders propose to raise no new issues on appeal. Rather, the DIP Lenders merely wish to participate in the resolution of the issues already identified by the current parties to the appeal. Accordingly, the DIP Lenders' intervention presents no delay or prejudice to the original parties or the adjudication of the issues, and should be allowed.

### C.   If Intervention Is Not Allowed, The DIP Lenders Should Be Given Leave To File As An Amicus Curiae.

Under Rule 29(a), any "amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing." FED. R. APP. P. 29(a).

Although the DIP Lenders agree with the Debtors that the Royalty Order should stand, they do not file their brief to reiterate those arguments. The DIP Lenders have not yet seen the Debtors' brief, as the filing deadline has not yet passed. The DIP Lenders seek to file a brief fleshing out and interpreting various legal arguments at issue on this appeal. A copy of the DIP Lenders' brief is attached as Exhibit "A" to this motion.

The DIP Lenders have acted expeditiously upon docketing of the appeal. Pursuant to Rule 29(e), the DIP Lenders respectfully urge that this Court permit them to file their attached brief as an amicus (if not as an intervenor) in support of the Debtors.

### III.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the DIP Lenders respectfully request that the Court grant their motion for leave to intervene, or, in the alternative, grant leave to file the brief of the DIP Lenders as an amicus curiae brief.

Respectfully submitted:

*/s/ James Donnell*

James Donnell
Texas Bar No. 05981300
WINSTON & STRAWN, LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Paul D. Moak
Texas State Bar No. 00794316
ANDREWS KURTH LLP
Chasless Yancy
Texas State Bar No. 24033481
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile  (713) 220-4285

ATTORNEYS FOR DEBTOR-IN-POSSESSION
LENDERS

## CERTIFICATE OF CONFERENCE

The counsel for the DIP Lenders has conferred with counsel for Appellant regarding this Motion For Leave To Intervene Or, In The Alternative, For Leave To File Amicus Curiae Brief In Support Of Appellee. Appellant does not consent to the intervention sought herein. Additionally counsel for the DIP Lenders has notified the Debtors of the DIP Lenders' intention to seek intervention. The Debtors have expressed neither opposition nor approval of the relief sought herein.

*Chasless Yancy*

### CERTIFICATE OF SERVICE

    I hereby certify that on August 18, 2009, copies of the foregoing Motion For Leave To Intervene Or, In The Alternative, For Leave To File Amicus Curiae Brief In Support Of Appellee, was served by overnight commercial carrier (FedEx) upon the following counsel:

Deborah D. Williamson  
Lindsey D. Graham  
Patrick L. Huffstickler  
Cox Smith Matthews Incorporated  
112 East Pecan Street  
Suite 1800  
San Antonio, TX 78205  
*(Counsel for Appellees)*

Edward L. Rothberg  
Hugh Massey Ray, III  
Weycer, Kaplan, Pulaski & Zuber, PC  
11 Greenway Plaza- Suite 1400  
Houston, TX 77046  
*(Counsel for Appellant)*

_____  
Chasless Yancy

HOU:2944998.1